FARMER, J.
The issue in this appeal from a finding of violation of probation (VOP) is whether the record supports the charge that defendant gave an intentionally false name to inquiring police officers. We reverse.
After serving his sentence of incarceration defendant was released to probation. A few weeks into the period, his probation *808 officer instructed him about his duties to avoid violating the law. On the very next day, he was stopped by a police officer near midnight for bicycling without a light. According to the officer, when asked he gave his name as “Ernest” Timothee and supplied his correct day of birth. The officer was advised by radio that he had no record. At that point the officer was called away to another investigation before he could satisfy himself as to defendant’s identity. The next day, in response to a BOLO about a brown vehicle suspected of carrying guns, he stopped a vehicle, only to find defendant in a rear passenger seat.
Again the officer asked defendant his name, and again (according to the officer) defendant said “Ernest” Timothee. Another officer on the scene asked defendant for his social security number, and defendant gave him a number. The electronic record there and then available to the officers showed that the person assigned to that number was said to be “Hervens” Timothee. Realizing possible confusion, defendant at that point spontaneously identified himself as a convicted felon, giving the officers his prisoner identification number from the Department of Corrections, and advising that those records would supply the details of his correct identification. When the officers checked the DOC number, it indicated that the prisoner’s name was Leon Jackson. Defendant thereupon explained to the officers that the State records would disclose that he had used as many as 21 alias identifications in the past and that they should rely on DOC records as to his identity and record. At that point the officers arrested and charged him with non-violent resistance for supplying the officers with a false name. Although this charge was later dropped, the State brought VOP proceedings against defendant based on the incident. It is from that finding that we have this appeal.
If the record indicated that this case simply involved a repeat offender with so many names and violations that his responses to the officers represented just one more occasion of using an alias to conceal identity, we would have little hesitancy in affirming. But in this instance, it was defendant himself who promptly and voluntarily advised the police officers of his prison record, urging them to rely on those records for all details of his correct identity. His voluntary and spontaneous provision of his prison record for identification purposes affords him a “safe harbor” from any charge of resisting the officers in their duties arising from their attempt to ascertain the identity of the individual with whom the officers were dealing. It erases any evidence that he was voluntarily and purposefully trying to conceal his true identity.

Reversed.

GUNTHER, J., and HOROWITZ, ALFRED J., Associate Judge, concur.